

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Mrs. Arbuckle:       Attention: Mrs. Queen Arbuckle,
                              Secretary

                              Opinion No. O-2466
                              Re: Is the Board within its
                              right in requesting a
                              license for the Modern
                              Beauty School under the
                              facts set forth?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"In view of an opinion numbered 53 received from your Department January 13, 1939 it was ruled in a Board meeting June 6, 1940 that Mr. Thomas A. Johnson, owner of the Johnson's Beauty Academy, San Antonio, Texas, be required to secure a school license for the Modern Beauty School, Brady Building, San Antonio, Texas.

"The Board came to this decision because of the known facts listed below:

    a.   Mr. Thomas A. Johnson purchased
          the Modern Beauty School some
          two years ago located in the Brady

Building, San Antonio, Texas, and said school is operated at this time under the name of the Modern Beauty School. This name appears on all of the windows and doors.

b. Upon investigation by a member of the Board and the Secretary, it was found that six senior students were in the Modern Beauty School, which Mr. Johnson terms an 'Annex', and these students were working on the public for remuneration. A statement was also made to the Board by an ex-student that Junior students worked on the public in the Modern Beauty School for pay.

c. Junior students are taken from the Modern Beauty School to the Johnson Beauty Academy and allowed to work on the public for remuneration.

d. At the time this investigation was made, the matter was discussed with Mr. Johnson; and he was willing to remit one hundred dollars in lieu of a school license for the Modern Beauty School. He was then advised that this must be taken up with the entire Board.

"Mr. Johnson was advised June 7, 1940 that he must secure a school license for this 'Annex', and we are inclosing a copy of our acknowledgement from Mr. Johnson.

"We respectfully ask your opinion as to whether the Board is within its right in requesting a license for the Modern Beauty School in view of Opinion numbered 53?

"The Board construed your opinion numbered 53 to mean as long as a complete course of beauty culture is not taught in the Modern Beauty School, a license was not required. You can ascertain, however, from the aforementioned information that both Junior and Senior students attend the Modern Beauty School."

State Board of Hairdressers and Cosmetologists, Page 3

We also quote from a copy of the letter from Mr. Thomas A. Johnson addressed to the State Board of Cosmetology, bearing date June 10, 1940, as follows:

"Your letter of June 7th received and in reply wish to say that the opinion of the Attorney General's Department is exactly as the opinion that came up in the previous discussion of the situation, namely - . . . 'if a complete course in Cosmetology is taught at each of the establishments, then it will be necessary to have two certificates of registration' . . .

"Now the true facts in the case are that the other school is only an Annex and only houses some of our classes and no student starts and completes at our Annex. They start and reach a certain point in training and then are transferred into the Senior Department in the Majestic Building.

"We are definitely not operating two schools of beauty culture. If we were, we would be more than glad to pay two licenses. Last year the Board assured us that it was perfectly all right and if at this time you want to have a hearing on it at the Attorney General's office, we will be glad to do so, as the true facts in the case will show that we are abiding by the law."

Sections 11 and 12 of Article 734b of Vernon's Annotated Penal Code, read as follows:

"Sec. 11. It shall be competent for any person, firm or corporation to apply to the State Board of Hairdressers and Cosmetologists for a certificate of registration as a school of beauty culture upon the payment of One Hundred Dollars ($100).

"(a) No school of Beauty Culture shall be granted a certificate of registration unless it shall employ and maintain upon its staff a sufficient number of instructors, who shall be registered hairdressers or cosmetologists having had at least

three (3) years practical experience and high school education or the equivalent thereof, and said instructors shall be required to pass an examination conducted by the Board of Examiners to determine their fitness as teachers, provided, however, that the examination of teachers shall not be required of persons who have been teaching the practice of hairdressing, or cosmetology for three (3) years prior to the passage of this Act; and shall maintain on its staff one Doctor of Medicine, as a consultant, who shall lecture monthly on sanitation, sterilization and the use of antiseptics consistent with the practical and theoretical requirements as to the classified occupations as provided by this Act, and shall possess apparatus and equipment for the proper and full teaching of all subjects of its curriculum; shall keep a daily record of the attendance of students; maintain regular class and instruction hours, establish grades and hold examinations before issuing diplomas, and shall require a school term of not less than one thousand (1,000) hours to be completed in not less than six (6) months for a complete course of all or a majority of the practices of hairdressing and cosmetology.

"Sec. 12. Provided that no school shall be permitted to charge for work done by any student who has not completed fifty per cent (50%) of the required number of hours, as provided in Section 11, Subsection (a)."

In our opinion No. O-53A it was held that

"It is our opinion that if a complete course in hairdressing and cosmetology is taught at each of the establishments, then it will be necessary for the owner to have two (2) Certificates of Registration."

Whether or not Mr. Johnson is operating two separate schools where complete courses in hairdressing and cosmetology are taught at each of the establishments is a question of fact that we can not pass upon. That is one

that must be determined by the Board. Therefore, we can not categorically answer your question. If the Johnson Beauty Academy and the Modern Beauty School are combined and compose only one school, and a complete course in hairdressing and cosmetology is not taught at each of the establishments, then it would not be necessary for the owner to have two Certificates of Registration. However, on the other hand, if the Modern Beauty School and the Johnson Beauty Academy are two separate and distinct schools where a complete course in hairdressing and cosmetology is taught at each of the said schools, then it will be necessary for the owner to have two Certificates of Registration.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*
Ardell Williams
Assistant

AW:ew

APPROVED JUN 27, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN